UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RICHARDSON and BEVERLY
RICHARDSON,                                             Case No. 10-13183

      Plaintiffs,                                   Honorable John Corbett O'Meara

v.

AMERICAN EQUITY MORTGAGE, INC., *et. al.*,

      Defendants.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S FEBRUARY 24, 2011 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendant Deutsche Bank National Trust Company's February 24, 2011 motion for summary judgment. Plaintiffs filed a response March 17, 2011; and Deutsche Bank filed a reply March 31, 2011. Oral argument was heard April 14, 2011. For the reasons set forth below, the court will grant the motion.

**BACKGROUND FACTS**

Plaintiffs James and Beverly Richardson secured a home loan from defendant American Equity Mortgage in the amount of $183,000 on a house in Oak Park, Michigan, on August 16, 2005. After various assignments, the note was held by defendant Deutsche Bank. Plaintiffs stopped making payments in August 2009; and the property was eventually sold at a foreclosure sale on August 17, 2010. Plaintiffs then had six months to redeem the property. That period expired February 17, 2011; and Plaintiffs failed to redeem it.

Plaintiffs filed this action August 11, 2010, alleging 17 causes of action. This court subsequently dismissed the state claims. Only two federal claims remain: Count I, alleging

violations of the Truth in Lending Act ("TILA"), and Count VIII, alleging a violation of the Racketeer Influenced Corrupt Organization Act ("RICO").

## LAW AND ANALYSIS

In Count I, Plaintiffs allege that Defendant failed to properly make disclosures under the TILA, including a disclosure of the Plaintiffs' right to cancel the mortgage. However, the Notice of Right to Cancel was signed by the Richardsons at about the same time they closed on their mortgage. Defendant's Ex. 11. Furthermore, there is a rebuttable presumption of the delivery of required TILA disclosures when there is a written acknowledgment of the receipt of any disclosures required by a person to whom a statement is required to be given. Williams v. GM Mortgage Corp., 2004 WL 3704081 (E.D. Mich. 2004). The borrowers' self-serving denial of the receipt of the TILA documents was not enough to overcome this statutory presumption in light of the borrowers' written acknowledgment of a receipt of such disclosure. Id. at 9.

Moreover, Plaintiffs' TILA claims are time-barred. A party may assert a claim for rescission under 15 U.S.C. § 1635 or for monetary damages under 15 U.S.C. § 1640 for a TILA violation. However, a borrower's right of rescission expires three years after the date of the consummation of the transaction under § 1635(f). El-Fil v. Countrywide Home Loans, Inc., 2009 WL 4946259 (E.D. Mich. 2009). For rescission claims, the United States Supreme Court has held that the three-year extended rescission period is not a statute of limitations subject to tolling; instead, it is a three-year statute of repose. Beach v. Ocwen Federal Bank, 523 U.S. 410, 417-18 (1998).

In this case Plaintiffs entered into the subject transaction on August 16, 2005, but did not file this complaint until August 2010–more than five years after the loan closing. Therefore, even if they

were validly extended to three years, their rescission claims expired in August 2008 and are time-barred.

In Count VIII, Plaintiffs allege violations of RICO. Defendant Deutsche Bank, however, was not involved in the origination of the loan nor was it present at the time of consummation of the initial loan in August 2005. Deutsche Bank is merely a subsequent holder of the promissory note and assignee of the mortgage. There are no facts alleged by Plaintiffs to show any relationship between any acts or omissions of Deutsche Bank as trustee, nor do Plaintiffs plead any facts to suggest the threat of future criminal conduct by Deutsche Bank. Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pleaded with particularity–the time, place and manner of each act of fraud, as well as the role of each defendant in each scheme. No such specificity has been pleaded in this case. Accordingly, defendant Deutsche Bank is entitled to summary judgment on Count VIII.

Plaintiffs' response fails to address the issues presented in Defendant's motion. Instead, Plaintiffs complain that "many of the documents offered in Defendant's Motion for Summary Judgment have not been verified or validated in any manner to constitute their legality which is crucial to these proceedings." Plaintiffs' resp. br. at 5. The documents, however, are irrelevant to Plaintiffs' federal claims, though they may be relevant in the state court proceedings.

In addition, Plaintiffs seek a four-month extension of time to complete discovery. Granting an extension, though, would be futile in this case. The TILA claims are clearly time-barred; and RICO allegations, as alleged, are frivolous.

At oral argument Plaintiffs' counsel asserted that Count XVIII of the complaint is in this court. For the reasons set forth on the record, Defendant is entitled to summary judgment on that claim as well.

3

## **ORDER**

It is hereby **ORDERED** that defendant Deutsche Bank National Trust Company's February 24, 2011 motion for summary judgment is **GRANTED.**

                                       s/John Corbett O'Meara
                                       United States District Judge

Date:  April 19, 2011

 

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 19, 2011, using the ECF system.

                                       s/William Barkholz
                                       Case Manager